Michael E Piston (P34568)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

Local Counsel:
Paul D. Cass (CSBA 100484)
Attorney for Plaintiffs
3055 Wilshire Blvd Suite 900
Los Angeles, CA 90010
(213) 487-1595
pdcesq@gmail.com

UNITED STATES DISTRICT COURT
CENTRAL DISTICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CASSELL CREATIONS, LLC DBA FINE ARTS SCULPTURE CENTER, INC., OLEG KEDRIA, ZHANNA KEDRIA and MIKHAEL KEDRIA,<br><br>    Plaintiffs,<br>        vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, and KATHY A. BARAN, Director, United States Citizenship and Immigration Services' California Service Center,<br><br>            Defendants. | Case No.:<br><br>COMPLAINT |

| | |
|---|---|
| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

# **COMPLAINT**

## I. INTRODUCTION

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq.*, seeking review of the conclusory and unsubstantiated decision of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services in File No. WAC1615850727 denying Oleg Kedria, Zhanna Kedria (his wife) and Mikhael Khedria (his four year old son)'s applications to extend their nonimmigrant O-1 (alien of extraordinary ability) and O-3 (dependents of O-1 nonimmigrant) status on the grounds that they failed to provide sufficient evidence that their failure to file a timely extension of their status was due to extraordinary circumstances beyond their control, despite showing that their attorney became disabled due to heart disease the day before the very last day they could ship their applications to the CSC's office prior to the expiration of their nonimmigrant statuses.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

2. This decision was ultimately premised on the preposterous assumption that Mr. Kedria's employer , Cassell Creations LLC DBA Fine Arts Sculpture Center, Inc. (Cassell), assuming that it was even aware that its attorney became  disabled due to heart disease on the very same day it occurred (Wednesday, April 27, 2016), could have then retained new legal counsel  in the highly specialized field of seeking immigration benefits for aliens of extraordinary ability, who could have obtained its file from its disabled counsel's Massachusetts office, acquainted him or herself with its contents, prepared, reviewed and finalized the necessary forms and procured the original signature of the owner of Cassell and Zhanna Kedria (both of whom resided in Michigan)  on those forms and then mailed  the applications to extend Mr., Mrs. and Mikhael Kedria's O-1 status and O-3 nonimmigrant statuses, respectively, by overnight delivery all on  the very next day (Thursday, April 28, 2017),  so as to cause these applications to be received at the CSC on Friday, April 29, 2017, the last day such an application could have been filed prior to the expiration of their  O-1 and O-3  nonimmigrant statuses on Sunday, May 1, 2016. A decision based upon such an unlikely assumption truly is at the very least "arbitrary and capricious", if not actually absurd.

## II. PLAINTIFFS

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

3. Cassell Creations LLC DBA Fine Arts Sculpture Center, Inc. is a Michigan Domestic Limited Liability Company. It occupies a spacious gallery in Clarkston, Michigan, and operates a fine arts foundry dedicated to creating custom crafted bronze awards.

4. Oleg Kedria is a Ukrainian citizen and national who has been repeatedly been granted "O-1" nonimmigrant classification by the United States Citizenship and Immigration Services, which reflects a finding by that agency that he "has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and … is coming temporarily to the United States to continue work in the area of extraordinary ability". 8 C.F.R. § 214.2(o)(1)(ii)(A)(1).

**5.** Mr. Kedria was born in Dnipropetrovsk (Ukraine) in 1968. From 1986 till 1990, he studied at Kharkov Art School. In 1997, he was invited by the Kiev State Administration to take part in the decoration of the study of the President of Ukraine. In 2000, he took part in the multiregional exhibition of paintings and sculptures "With Love to Ukraine" in Odessa. In 2001, he finished his postgraduate study in sculpture under the supervision of Vladimir Chepelik at the

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

Kiev Academy of Fine Arts; In 2002, Oleg participated in the exhibition featuring works of the most famous sculptures in Ukraine "Trio: A.Vladimirov, O.Pinchuk, O. Kedrya", Kiev. From 2000 till 2007, Mr. Kedria participated in writing a book named "Ukraine – Cossacks' State". In 2006, he won the all-Ukrainian contest ,"Man of distinction of 2006", in the category of young men for his contribution in the field of art. His sculptures are in the personal collections of Presidents .

6. Zhanna and Mikhael Kedria are, respectively, the wife and son of Oleg Kedria. They are also citizens and nationals of the Ukraine.

## III. DEFENDANTS

8. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

9. The defendant, Kathy A. Baran, is the director of the USCIS's California Service Center located in Laguna Nigel, Orange County, California and a resident, for official purposes, of the judicial district for the Central District of California.

## IV. JURISDICTION

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

10. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. VENUE

11. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the Central District of California, where the defendant, Kathy A. Baran, resides.

## VI. BRIEF STATEMENT OF RELEVANT LAW

12. 8 C.F.R § 214.1(c)(4) provides that:

> Timely filing and maintenance of status. An extension of stay may not be approved for an applicant who failed to maintain the previously accorded status or where such status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the Service and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that:
> **(i)** The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances;
> **(ii)** The alien has not otherwise violated his or her nonimmigrant status;
> **(iii)** The alien remains a bona fide nonimmigrant; and
> **(iv)** The alien is not the subject of deportation proceedings under section 242 of the Act (prior to April 1, 1997) or removal proceedings under section 240 of the Act.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

13. The plaintiffs were all admitted to the United States as visitors for pleasure on October 27, 2013.

14. On June 4, 2014, following the filing of a petition by Aaarus Art Gallery in Framingham, Massachusetts, Oleg Kedria's nonimmigrant status in the United States was changed to "O-1", alien of extraordinary ability, and his wife and child's status was changed to O-3, dependent of O-1.

15. Sometime thereafter Cassell offered Mr. Kedria employment as a Sculptor in its Center in Clarkston, Michigan.

16. Inasmuch as the approval of Aaarus's petition upon Mr. Kedria's behalf did not authorize him to be employed by Cassell, it was necessary that a new O-1 petition be approved upon Mr. Kedria's behalf to enable him to be employed by Cassell.

17. Cassell engaged a Boston, Massachusetts attorney, Michael Yalovenko, to represent it in this matter in preparing and filing an application to authorize Mr. Kedria to be employed by Cassell and to extend his nonimmigrant status in the United States.

18. Also, Zhanna Kedria engaged Attorney Yalovenko to extend her O-3 dependent nonimmigrant status, as well as that of her son, Mikhael.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

19. Mr. Yalovenko has a history of hypertension nd chest palpitations for which he takes heart medications and aspirin.

20. His condition worsened on April, 27, 2016 when he developed headache, chest discomfort, and chest palpitations.

21. His long time physician, Gregory Talalyevsky, M.D., recommend bedrest and determined that because of his unstable heart condition he was unable to attend to his legal practice.

22. Mr. Yalovenko was referred to cardiologist Dr. Dow whom he saw on May 2,2016 and subsequently underwent a complete cardiac workup.

23. Mr. Yalovenko shortly thereafter recovered sufficiently to resume his legal practice and on May 9, 2016 filed with the USCIS's California Service Center in Laguna, Niguel, California, Cassell's petition upon Mr. Kedria's behalf to classify him as an O-1 nonimmigrant alien of extraordinary ability and to extend his stay in

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

the United States, as well as his wife and child's application to extend their nonimmigrant status.

24. On December 20, 2016 the USCIS's California Service Center Director, Kathy A. Baran, approved Cassell's petition to classify Mr. Kedria as an O-1 nonimmigrant to be employed by Cassell, but denied his application for extension of stay, as well as that of his wife and son.

25. The stated reason for the denial was, in material part, that:

> The beneficiary's prior status was valid from June 6,2014 to May 1,2016. The petition was submitted on May 9, 2016, 8 days after the beneficiary's valid status had expired. Counsel stated during the week of April 26, he developed a medical condition that was extraordinary circumstances beyond the control of the beneficiary or the petitioner. A doctor's note submitted with the response notes that counsel has a history of the health condition. In the O-1 category, counsel and petitioners may apply up to one year in advance. The week of April 26 was roughly 5 days before the beneficiary's status expired. A petitioner is not bound to counsel to apply for a benefit. You have nor provided sufficient evidence to determine that the delay was due to extraordinary circumstances beyond your control; therefore, your request for extension of stay is denied.

26. The USCIS's suggestion that had even Cassell, which was located in a different state than Mr. Yalovenko, learned of Mr. Yalovenko's disability on the day it occurred, Wednesday, April 27, 2016, that it could have engaged another attorney

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

knowledgeable in the laws and regulations pertaining to O-1 nonimmigrants, who could have obtained Cassell's file from Mr. Yalovenko's Massachusetts office, reviewed it and then prepare Cassell's petition to classify Mr. Kedria as an O-1 nonimmigrant, and procure the original signature of a representative of Cassell and Zhanna Kedria, both of whom were in Michigan, upon it, and then send it out by overnight mail or courier the very next day, Thurdsday, April 28, 2017, so it would arrive at the California Service Center on Friday, April 29, 2017, the very last day it could be filed with USCIS prior to the expiration of the Kedrias' nonimmigrant statuses on Sunday, May 1, 2017 (given that USCIS is not open on Saturday or Sunday) is not merely preposterous, but absurd.

27. Among other things, this unlikely scenario assumed by USCIS would require newly engaged counsel, completely unfamiliar with this matter, to put together a complete I-129 and I-539 package, procure the original signature of Cassell representative and Mrs. Kedria and send it out by overnight delivery all in the course of a single day, April 28, 2017, inasmuch as it would have taken at least one day, even in a best case scenario, for Mr. Yalovenko's office to send the file to his newly engaged counsel.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

28. This quite aside to the totally baseless assumption that Cassell would be in a position to know of an attorney knowledgeable regarding to the obscure specialty of applying for immigration benefits for aliens of extraordinary abilty and be able to locate, consult with and engage that attorney all on the same day of April 27, 2017, that it must be assumed (for there to be any possibility of filing a timely application at all) that Cassell must have learned of Mr. Yalovenko's disability, and have done all of this in such a manner as to leave time for newly engaged counsel to contact Mr. Yalovenko's office and arrange for the file to be delivered to him.

29. Courts recognize that, as a practical matter, the arbitrary and capricious standard incorporates the substantial evidence test, and they therefore review factual findings made during the course of informal agency adjudications under the substantial evidence test. *Ursack Inc. v. Sierra Interagency Black Bear Group*, 639 F.3d 949, 959 nt.4 (9th Cir. 2011).

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

30. The USCIS's assumption that Cassell could have filed a timely application for extension of stay despite Mr. Yalovenko's inability to perform his legal duties are based upon assumptions that have no basis whatsoever in the legal record (in addition to be entirely contrary to any common sense understanding of how life actually works) and so are arbitrary and capricious.

31. "[An agency] abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir.2003).

32. The 3rd Circuit has offered the following example of a "conclusory" statement:

> the BIA's rejection of Zhou's motion was supported by conclusory statements asserting that Zhou's 'claims are not adequately supported" and that Zhou "has not submitted evidence which tends to demonstrate that conditions in China have deteriorated since the time of the respondent's hearing." *Zhou v. Attorney General of the United States*, 305 Fed.Appx. 865, 869, 2009 WL 27437 (3rd Cir. 2009).

33. Equally conclusory is the USCIS's assertion here that "You have nor provided sufficient evidence to determine that the delay was due to extraordinary circumstances beyond your control; … ". Just as the BIA's decision in *Zhou* left

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- 12 -

unanswered the question of what evidence would have "adequately supported" Zhou's claims, so here the Decision leaves unanswered what would have constituted "sufficient evidence to determine that the delay was due to extraordinary circumstances beyond your control".

34. 5 U.S.C. 706(2) provides that a court may "hold unlawful and set aside agency action, findings, and conclusions found to be—

   **(A)**  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

Wherefore the plaintiffs ask that this Court hold unlawful and set aside the decision of the USCIS denying their applications for extension of stay as arbitrary, capricious and an abuse of discretion.

   ACCORDINGLY, it is respectfully requested that this Court hold unlawful and set aside the USCIS's denial of the Kedrias' applications for extension of stay.

   Respectfully submitted this $^{26}$th day of May, 2017

*s/Michael E. Piston*
Michael E. Piston (P34568)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

| COMPLAINT | Michael E Piston (P34568) Attorney for the Plaintiffs 225 Broadway, Ste 307 New York, NY 10007 646-845-9895 michaelpiston4@gmail.com |
|---|---|